IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Lyle Anderson,<br><br>      Plaintiff,<br><br>vs.<br><br>Arizona Department of Corrections, et al.,<br><br>      Defendants. | No. CV 11-533-PHX-JWS (MEA)<br><br>**ORDER** |

Plaintiff Brian Lyle Anderson, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Madrid, Cluff, Curran, and Trujillo to answer Count III of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

**TERMPSREF**

1  separate Order requiring the appropriate government agency to collect and forward the fees
2  according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## III.    Complaint

Plaintiff names the following Defendants in the Complaint: the Arizona Department of Corrections ("ADOC"), ADOC Director Charles L. Ryan, Warden Ernie Trujillo, Deputy Warden Curran, Correctional Officer IV M. Madrid, Assistant Deputy Warden David Cluff, Paralegal B. Ulibarri, Access Monitor/Paralegal Daryl Johnson, Sergeant Sturm, Correctional Officer II Mangan, and Chaplain J. Vicklund.

Plaintiff raises four grounds for relief in the Complaint:

(1)   Plaintiff's First Amendment rights are violated by ADOC's policy of prohibiting inmates from possessing hardcover books, including religious texts;

(2)   Plaintiff is denied sufficient legal supplies and research materials, in violation of his right of access to the court;

(3)   Plaintiff's Eighth Amendment rights are violated by his present housing assignment, where other inmates threaten to hurt or kill him, and by Defendants' refusal to move him; and

(4)   Plaintiff receives insufficient food in violation of the Eighth Amendment.

Plaintiff seeks injunctive relief and money damages.

## IV.    Failure to State a Claim

### A.    Defendants

#### 1.    Arizona Department of Corrections

The Arizona Department of Corrections is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v.

1  Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  The Court
2  will therefore dismiss Defendant Arizona Department of Corrections.

### 2.  Charles Ryan

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  The Court will therefore dismiss without prejudice Defendant Ryan.

### B.  Count I

In Count I, Plaintiff claims that his First Amendment rights are violated because he is not allowed to possess hardcover books and he cannot find his religious books in soft cover editions.

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests.  Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

Plaintiff has not alleged that Defendants' policy of prohibiting hardcover books is without a legitimate penological interest.  To the contrary, Plaintiff states that Defendants

1 informed him that hardcover books are prohibited because they pose a security risk. See Bell
2 v. Wolfish, 441 U.S. 520, 550-51(1979) (Hardback books present an obvious security risk,
3 because "money, drugs, and weapons easily may be secreted in the bindings."). Accordingly,
4 the Court will dismiss Count I for failure to state a claim.

### C.     Count II

6 The right of meaningful access to the courts prohibits officials from actively
7 interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518
8 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or
9 complaints to federal court and not a right to discover such claims or even to ligate them
10 effectively once filed with a court.  Id. at 354.  The right "guarantees no particular
11 methodology but rather the conferral of a capability–the capability of bringing contemplated
12 challenges to sentences or conditions of confinement before the courts."  Id.  at 356.

13 As a matter of standing, for an access-to-courts claim, a plaintiff must show that he
14 suffered an "actual injury" with respect to contemplated litigation. Id. at 349.  To show
15 actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the
16 defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim
17 that he wished to present. Id. at 352-53.

18 "[T]he injury requirement is not satisfied by just any type of frustrated legal claim."
19 Id. at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to
20 transform themselves into litigating engines capable of filing everything from shareholder
21 derivative actions to slip-and-fall claims." Id. at 355.  The nonfrivolous claim must be a
22 direct or collateral attack on the inmate's sentence or a challenge to the conditions of his
23 confinement. Id. "Impairment of any *other* litigating capacity is simply one of the incidental
24 (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis
25 in original).

26 In Count II, Plaintiff alleges that he is denied sufficient legal supplies and access to
27 research materials. Plaintiff has failed to demonstrate an actual injury in Count II; he has not

28

demonstrated that he was prevented from bringing to court a nonfrivolous claim he wished to present. The Court will therefore dismiss Count II for failure to state a claim.

### D. Count IV

In Count IV, Plaintiff claims that his Eighth Amendment rights are violated because he is not given sufficient food. Plaintiff further alleges that he has complained to Defendants Curran, Cluff, and Trujillo, but that when Defendants inspect kitchen trays, the trays have the required amount of food. Plaintiff claims that when Defendants are not present, portions are smaller.

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834. Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

Plaintiff has not alleged facts demonstrating that Defendants were deliberately indifferent; Plaintiff has not shown that Defendants are aware of the smaller portions of food that Plaintiff claims he receives. Plaintiff has shown only that during inspections, Defendants have observed the appropriate amount of food on inmates' trays. Plaintiff has therefore failed to state an Eighth Amendment claim in Count IV and the Court will dismiss Count IV.

### V. Claims for Which an Answer Will be Required

In Count III, Plaintiff claims that he is threatened with physical harm by other inmates and that Defendants Madrid, Cluff, Curran, and Trujillo have refused to protect Plaintiff by moving him to another housing area.

Liberally construed, Plaintiff has stated an Eighth Amendment failure to protect claim in Count III. The Court will require Defendants Madrid, Cluff, Curran, and Trujillo to answer Count III of the Complaint.

### VI. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Counts I, II, and IV, and Defendants Arizona Department of Corrections, Ryan, Ulibarri, Johnson, Sturm, Mangan, and Vicklund are **dismissed** without prejudice.

(4) Defendants Madrid, Cluff, Curran, and Trujillo must answer Count III of the Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Madrid, Cluff, Curran, and Trujillo.

(6) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

> (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and
>
> (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 1st day of April 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE